**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RICKIE J. DAMATO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 16 C 259** |
| **v.** | ) | |
| | ) | **Judge Jorge Alonso** |
| **RUSH UNIVERSITY HOSPITAL,** | ) | |
| Human Resources Management and | ) | |
| and all concerned, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Rickie Damato, *pro se*, seeks permission to proceed in forma pauperis ("IFP") in this suit against defendant Rush University Hospital ("Rush"). Because plaintiff has failed to establish that the Court has subject matter jurisdiction, demonstrate that his claim has an arguable basis in law or fact, or submit a complete IFP application, his IFP application [4] is denied without prejudice. Civil case terminated.

## STATEMENT

Before granting an IFP application, district courts must make a preliminary determination that the prospective litigant's action is not frivolous. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988); *see* 28 U.S.C. 1915(e)(2)(B)(i). An action is frivolous if the complaint does not state any arguable legal or factual basis for relief. *Smith-Bey*, 841 F.2d at 757.

Plaintiff has submitted a form civil rights complaint purporting to claim that Rush violated his civil rights under 42 U.S.C. §§ 1983, 1985 and 1986 during an emergency room visit. According to plaintiff, he "told the Emergency Room he was there because he had a ring sound in his ears[,] pressure around eyes and felt [a] little bit dizzy [and] disorientated," but he

was "not a mental health patient at all." He also mentions "sonar presences," "sensory integrated dysfunction," and "internal sonar aggravation," which were "criminally . . . undetected" and "purposely left [in] the human body." (Compl., ECF No. 1, at 4)

In these allegations, plaintiff does not articulate, and the Court cannot identify, any deprivation of a federal constitutional right that might be actionable under 42 U.S.C. §§ 1983, 1985 and 1986. If the allegations relate to any actionable claim at all, it would appear to be a state-law tort claim such as medical malpractice, but to bring a state-law claim in federal court, plaintiff must establish that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). Plaintiff and defendant, however, are both citizens of Illinois, and therefore not of diverse citizenship. Because plaintiff has failed to state any claim with an arguable basis in law or fact over which the Court could exercise subject matter jurisdiction, his IFP application is denied.

Additionally, plaintiff does not report any salary, wages, income or financial assistance of any kind in the last 12 months, nor does he report that he or anyone in his residence possesses any money, financial assets, real estate, or property with a value of more than $200. He answers every question of the form IFP application by checking the "no" box and writing "n/a" or "none," with the exception of questions 10 and 11, which he answers only by checking the "none" box. He makes no attempt to describe for the Court what financial resources he lives on, or from what source they are derived. The court has discretion to deny plantiff's IFP application if he fails to demonstrate his indigence with particularized personal financial information. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980); 28 U.S.C. § 1915(a)(1) ("any court of the United States *may* authorize [IFP status]") (emphasis added). If plaintiff chooses to file any

further IFP applications with this Court, the Court will expect him to provide particularized personal financial information, or if he is truly destitute, to so state explicitly.

Plaintiff's IFP application [4] is denied without prejudice because plaintiff has not filed a complete IFP application and he has not demonstrated that his action is arguably meritorious or that the Court has subject matter jurisdiction. If plaintiff believes he can cure the defects in his complaint and IFP application, plaintiff may submit another IFP application and complaint to the Clerk's Office as a new action, with an accompanying motion for leave to file, in accord with the restrictions this Court's Executive Committee has placed on his filing privileges. *See in the Matter of Rickie Damato*, Case No. 16 C 1216 (Order, January 27, 2016). Civil case terminated.

**SO ORDERED.**

**ENTERED: February 4, 2016**

**HON. JORGE ALONSO**
**United States District Judge**